United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 24-10935-TA |
| John Bennett | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 1 of 2 |
| Date Rcvd: Dec 16, 2024 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\#    Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 18, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | John Bennett, 4241 Cascade Falls, Sarasota, FL 34243-4284 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 18, 2024      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 16, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Amrane (SA) Cohen (TR) | efile@ch13ac.com |
| Anerio V Altman | on behalf of Debtor John Bennett LakeForestBankruptcy@jubileebk.net lakeforestpacer@gmail.com;ecf@casedriver.com |
| Joseph C Delmotte | on behalf of Creditor Deutsche Bank National Trust Company as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-5 ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com |
| Joseph C Delmotte | on behalf of Interested Party Courtesy NEF ecfcacb@aldridgepite.com JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com |
| Kirsten Martinez | |

| District/off: 0973-8 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Dec 16, 2024 | Form ID: pdf042 | Total Noticed: 1 |

    on behalf of Creditor The Bank of New York Mellon f/k/a The Bank of New York as successor Indenture trustee to JPMorgan Chase Bank  National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2006-F as serviced Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com

Larry Yip

    on behalf of Creditor The Bank of New York Mellon f/k/a The Bank of New York as successor Indenture trustee to JPMorgan Chase Bank  National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2006-F lyip@lciinc.com

Mukta Suri

    on behalf of Creditor The Bank of New York Mellon f/k/a The Bank of New York as successor Indenture trustee to JPMorgan Chase Bank  National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2006-F C/O Newrez Mukta.Suri@mccalla.com

Patrick Kane

    on behalf of Creditor NewRez LLC dba Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon f/k/a The Bank of New York as successor Indenture trustee to JPMorgan Chase Bank  National Association for CWHE pkane@hillwallack.com

United States Trustee (SA)

    ustpregion16.sa.ecf@usdoj.gov

TOTAL: 9

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Joseph C. Delmotte (SBN 259460)<br>jdelmotte@aldridgepite.com<br>**ALDRIDGE PITE, LLP**<br>3333 Camino del Rio South<br>Suite 225<br>San Diego CA 92108<br>Telephone: (858) 750-7600<br>Facsimile:  (619) 590-1385<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>DEC 16 2024<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** jle    **DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>JOHN BENNETT,<br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:24-bk-10935-TA<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)**<br><br>DATE: November 12, 2024<br>TIME:  10:30 a.m.<br>COURTROOM: 5B<br>PLACE: 411 West Fourth Street, Santa Ana, CA 92701 |
|---|---|

**Movant:** Deutsche Bank National Trust Company, as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-5

1. The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

    *Street address*:    141 Talmadge
    *Unit/suite number*:    
    *City, state, zip code*:    Irvine, CA 92602-0948

    Legal description or document recording number (including county of recording):
    Orange County; Inst. No. 2006000272738

    ☐ See attached page.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 1    **F 4001-1.RFS.RP.ORDER**

3. The Motion is granted under:

   a. ☒ 11 U.S.C. § 362(d)(1)

   b. ☐ 11 U.S.C. § 362(d)(2)

   c. ☐ 11 U.S.C. § 362(d)(3)

   d. ☐ 11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

      (2) ☐ Multiple bankruptcy cases affecting the Property.

      (3) ☐ The court   ☐ makes   ☐ does not make   ☐ cannot make a finding that the Debtor was involved in this scheme.

      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

   c. ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☒ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☒ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                             Page 2                                      **F 4001-1.RFS.RP.ORDER**

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

Date: December 16, 2024

*[signature: Theodor C. Albert]*

Theodor C. Albert
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                       Page 3                              **F 4001-1.RFS.RP.ORDER**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.